**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | Case No. 4:07-cr-061 |
| Gerard Galen Lovejoy, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's Motion to Dismiss filed on August 24, 2007. The Government filed a response in opposition to the motion on September 6, 2007. For the reasons outlined below, the motion is denied.

**I.     BACKGROUND**

The defendant, Gerard Galen Lovejoy, is charged in a one count indictment with knowingly and unlawfully failing to register and update a registration required by the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a) (2007). See Docket No. 2. The charge stems from activity that allegedly occurred on or about May 2006, through June 2007.

On January 17, 1997, Gerard Lovejoy was convicted of abusive sexual contact in violation of federal law. Lovejoy was sentenced to 19 months in federal prison with supervised release to follow. He was also required to register as a sex offender and comply with the sex offender registration requirements in North Dakota. See 42 U.S.C. §§ 14071, 14072; N.D.C.C. § 12.1-32-15(3)(b) (2007). Lovejoy was required as a sex offender to register for a period of ten years upon

1

his release from federal prison. 42 U.S.C. § 14071(b)(6); N.D.C.C. § 12.1-32-15(8)(a) (formerly subsection 7(a)).

Upon his release from federal prison in 1998, Lovejoy registered as a sex offender with the Bismarck Police Department and, over the next several years, continued to register updated addresses. In accordance with North Dakota law, Lovejoy was required to register with law enforcement agencies in the jurisdictions in which he intends to reside, attend school, or work. See N.D.C.C. § 12.1-32-15. The law requires that a sex offender register within ten (10) days of entering the city or county in which he will reside, attend school, or work. If the sex offender changes his residence, school, or work address, he must notify, in writing, the law enforcement agencies where he is registered of the new address at least ten (10) days prior to assuming that new address. The offender must also register in the new city, county or state within ten (10) days of occupying the new residence, attending classes, or beginning employment. Id.

The Government expects the evidence to show that Lovejoy failed to update his sex offender registration when he moved from Bismarck, North Dakota, to New Town, North Dakota, in May 2006; from New Town to Bismarck in August 2006; from Bismarck to New Town in March 2007; and within the city of New Town in April 2007. The record reveals that Lovejoy was aware that a failure to comply with the sex offender registration requirements under North Dakota law is a class A misdemeanor resulting in a jail term of at least ninety days or the possibility of being revoked if on parole or probation.

**A.     BACKGROUND OF THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA)**

The Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act) was enacted by Congress and signed into law by President Bush on July 27, 2006. Pub. L. 109-248, § 1-155, 120 Stat. 587, 590-611 (2006) (codified at 42 U.S.C. §§ 16901-16929 (2006)). The Adam Walsh Act contains the Sex Offender Registration and Notification Act (SORNA). SORNA creates an independent federal obligation on individuals convicted of a "sex offense" to register with a sex offender registry. See 18 U.S.C. § 2250. SORNA is intended to protect the public from sex offenders and establish a comprehensive national database for the registration of such offenders. Thus, SORNA creates a new federal offense for failure to register. Section 141(a) of SORNA, codified at 18 U.S.C. § 2250, imposes criminal penalties of up to ten years imprisonment and a $250,000 fine on individuals required to register under SORNA, who travel in interstate commerce, and who knowingly fail to register or update their registration. The United States Sentencing Commission has issued proposed sentencing guidelines for the general failure to register offense. These guidelines are scheduled to go into effect on November 1, 2007. See Proposed Sentencing Guidelines, Part 4, Sex Offenses, 72 Fed. Reg. 28562, 28562-63 (May 21, 2007).

SORNA provides that a sex offender must initially register before completing a period of imprisonment, or not later than three business days after being sentenced if not sentenced to imprisonment. 42 U.S.C. § 16913(b). Thereafter, a sex offender is required to keep his/her registration current by appearing in person in at least one jurisdiction in which the sex offender is required to register, and informing the registering agency of any changes in information, such as changes of name, residence, or employment status. Id. at § 16913(c).

Section 16913(d) of SORNA delegates to the Attorney General

> the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

Id. at 16913(d).

On February 28, 2007, under the authority of Section 16913(d), the Attorney General issued an interim rule providing that "[t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of the Act." 28 C.F.R. § 72.3 (2007).

In the motion to dismiss the indictment, Lovejoy contends that he cannot be charged with failing to update his registration as a sex offender under 18 U.S.C. § 2250(a) because SORNA is unconstitutional, both on its face and as applied. Specifically, Lovejoy contends that SORNA violates the non-delegation doctrine of the United States Constitution as well as the due process clause of the Fifth Amendment because he did not receive actual notice of the registration requirements under SORNA.

## II.  LEGAL DISCUSSION

### A.  NON-DELEGATION DOCTRINE

Lovejoy contends that Congress unconstitutionally delegated legislative authority to the executive branch when it enacted 42 U.S.C. § 16913(d). Section 16913(d) gives the Attorney General the authority to specify the applicability of SORNA registration requirements to sex offenders convicted before July 27, 2006, and to prescribe rules for the registration of sex offenders who are unable to comply with the initial registration requirements of SORNA.

Article 1, Section 1 of the United States Constitution, commonly called the non-delegation doctrine, provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." The non-delegation doctrine does not prohibit Congress from obtaining assistance from other branches of the Government. United States v. Mistretta, 488 U.S. 361, 372 (1989); United States v. Madera, 474 F. Supp. 2d 1257, 1261 (M.D. Fla. 2007). "In determining what [Congress] may do when seeking assistance from another branch, the extent and character of that assistance must be fixed according to common sense and the inherent necessities of the government coordination." Mistretta, 488 U.S. at 372 (quoting J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928)). "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is to conform, such legislative action is not a forbidden delegation of legislative power.'" Id. As such, the delegation of authority to another branch of government is proper provided that Congress clearly delineates the general policy, the public agency to which the authority has been given, and the limits of that authority. Id. at 372-373.

Lovejoy contends that Congress has abdicated its decision-making authority as to sex offenders who had completed their sentence as of the date of the enactment of SORNA (July 27, 2006), and has provided the Attorney General with no guidance as to whether all such individuals must be subject to SORNA, regardless of how old their offenses; regardless of when they completed their sentences; and regardless of the nature of their offenses. Lovejoy's claim that Congress unconstitutionally delegated legislative authority to the Attorney General has been addressed by numerous courts, all of which have rejected the claim. See United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007); United States v. Madera, 474 F. Supp. 2d 1257 (M.D. Fla. 2007); United

States v. Kelton, No. 5:07-cr-030-Oc-10GRJ, 2007 WL 2572204 (M.D. Fla. Sept. 5, 2007); United States v. Sawn, No. 6:07-cr-020, 2007 WL 2344980 (W.D. Va. Aug. 15, 2007); United States v. Gonzales, No. 5:07-cf-27-RJ, 2007 WL 2298004 (N.D. Fla. Aug. 9, 2007); United States v. Mason, No. 6:07-cr-52-Orl-19JGG,, 2007 WL 1521515 (M.D. Fla. May 22, 2007).

In rejecting a delegation of authority challenge to SORNA, a federal district court in Florida found that Congress "clearly and explicitly set forth the purpose of SORNA in 42 U.S.C. § 16901" -- establishing a national sex offender registration to protect the public from sex offenders and offenders against children. United States v. Mason, No. 6:07-cr-52-Orl-19JGG, 2007 WL 1521515, at *3 (M.D. Fla. May 22, 2007). In analyzing whether SORNA's grant of authority to the Attorney General violates the non-delegation doctrine, a federal district court in Virginia reasoned that "Congress has only delegated authority to the Attorney General to issue a rule covering the limited instance where a person who is classified as a sex offender under SORNA is unable to currently register as such in a jurisdiction where he resides, works, or is a student." United States v. Hinen, 487 F. Supp. 2d 747, 751 (W.D. Va. 2007). The court held that the "delegation of such authority is not so broad as to be violative of the non-delegation doctrine." Id. at 752.

The Court finds the reasoning of the federal district courts in United States v. Mason and United States v. Hinen to be persuasive and adopts the rationale espoused in those decisions. The Court holds that Congress did not violate the non-delegation clause of the Constitution by giving the Attorney General authority under 42 U.S.C. § 16913(d) to promulgate rules as to the applicability of SORNA to certain sex offenders.

**B.   DUE PROCESS**

Lovejoy also contends that subjecting him to criminal prosecution under SORNA would violate his due process rights because he had not been given adequate notice that his conduct would violate the new federal law. Lovejoy cites two cases in support of the argument that a defendant who was convicted and required to register as a sex offender prior to the enactment of SORNA on July 27, 2006, requires actual notice of SORNA's registration requirements.

In the first case, the defendant was arrested on February 28, 2007, the date the Attorney General promulgated the interim rule which made the registration requirements of SORNA applicable to individuals who had been convicted of a sex offense before the enactment of the Adam Walsh Act on July 27, 2006. Unites States v. Barnes, No. 07 Cr. 187, 2007 WL 2119895 (S.D.N.Y. July 23, 2007). The defendant in Barnes argued that "it was not clear until February 28, 2007, that he needed to register under SORNA and that being arrested on that date violate[d] his due process rights because he was not given any opportunity to comply with the requirements." Id. at *2. In dismissing the indictment, the Barnes court focused on the date of the defendant's arrest. The court noted as follows:

> It is enough to hold that arrest on the same day as the promulgation of interim rule [sic] making SORNA retroactively applicable is a due process violation.
>
> \*\*\*
>
> The Court bases its ruling solely on these limited circumstances where Defendant was arrested on the exact date it became clear that SORNA would be applied to him.

Id. at *3, 6.

In the second case cited by Lovejoy, the defendant was convicted and released prior to the enactment of SORNA and was required under state law to register as a sex offender. United States v. Smith, No. 2:07-cr-082, 2007 WL 1725329 (S.D.W.Va. June 13, 2007). After SORNA was

enacted but before the issuance of the Attorney General's interim rule, the defendant failed to register as a sex offender and was arrested. Because the defendant was arrested prior to the issuance of the Attorney General's interim rule, the court held that he was not obligated to register under SORNA. The court noted that "[n]ot until the issuance of the Attorney General's interim rule and these proposed Guidelines was there any way to notify or register past offenders. When Mr. Smith was arrested, he could not have knowingly violated SORNA, as SORNA did not apply to him." Id. at *4.

The narrow holdings in Barnes and Smith are easily distinguishable from the present case. In this case, Lovejoy's criminal conduct is alleged to have occurred from May 2006, through June 2007. Lovejoy admits that although he registered as a sex offender with the Bismarck Police Department on January 30, 2006, he later moved to New Town and failed to register as a sex offender in that location as required under North Dakota law. See Docket No. 27. The Government anticipates that the evidence will show that Lovejoy moved from Bismarck to New Town in March 2007, that he moved within the city of New Town in April 2007, and that he failed to register and update his sex offender registration regarding those moves. Therefore, unlike the defendants in Barnes and Smith, the criminal conduct at issue occurred after the enactment of the Adam Walsh Act on July 27, 2006 and after the promulgation of the interim rule by the Attorney General on February 28, 2007.

Several courts have determined that actual notice of SORNA's registration requirements is not required even for conduct that occurred prior to the promulgation of the rule. See United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007); United States v. Roberts, No. 6:07-CR-70031, 2007 WL 2155750 (W.D. Va. July 27, 2007); United States v. Gonzales, No. 5:07-cf-27-RJ, 2007 WL

2298004 (N.D. Fla. Aug. 9, 2007). In Roberts, the defendant was alleged to have violated SORNA by criminal conduct that occurred in November 2006. The defendant argued that he was denied due process because he did not receive notification of SORNA's federal registration requirements. Id. at *2. The court in Roberts held as follows:

> Defendant claims he was denied due process because he received no notification of SORNA's requirements. This amounts to a claim that ignorance of the law excuses non-compliance. Unsurprisingly, Defendant cites no authority for this proposition, which is at odds with centuries of Anglo-American jurisprudence. Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so. Owners of firearms, doctors who prescribe narcotics, and purchasers of dyed diesel are all expected keep [sic] themselves abreast of changes in the law which affect them, especially because such people are on notice that their activities are subject to regulation. See, e.g. United States v. Mitchell, 209 F.3d 319, 322 (4th Cir. 2000) (knowledge that firearm ownership was prohibited not necessary to sustain conviction under 18 U.S.C. § 922(g)). Sex offenders are no different; they must comply with the law even when it changes suddenly and without notice, and they are well advised to periodically check for changes because they are particularly subject to regulation.

Id.

The reasoning of the court in Roberts is persuasive. Even if the sex offender registration requirements under SORNA were unclear prior to the issuance of the Attorney General's interim rule on February 28, 2007, Lovejoy had sufficient time between February 28, 2007, and June 2007, to apprise himself of the new federal registration requirements. The Court finds that Lovejoy's due process rights were not violated.

It is important to note that Lovejoy does not contend in his motion that the sex offender registration requirements under North Dakota law are significantly different from the registration requirements under SORNA. Nor was Lovejoy unaware of his duty to register as a sex offender and to update the registration when any change occurred with his residence, school, or work. The record

9

reveals that Lovejoy had initially registered as a sex offender in 1998 and had updated that registration on more than one occasion.

The terms of SORNA do not mandate that defendants who are already registered as sex offenders and who were previously sentenced before the enactment of SORNA, but who have been released from custody, receive any specific notice regarding the new federal registration requirements. See 42 U.S.C. § 16917. It is apparent that Congress understood that those convicted of a sex offense prior to SORNA's enactment on July 27, 2006, were aware of the basic requirements to register as a sex offender and the consequences for failing to do so. Lovejoy had sufficient notice that failing to register as a sex offender was illegal. Lovejoy was fully aware of his responsibility to register as a sex offender under North Dakota law. Ignorance of a new, independent obligation under federal law (SORNA) to register as a sex offender is simply no excuse.

In Lovejoy's motion to dismiss, it is noted briefly in passing that the registration requirements of SORNA are unconstitutional because they violate the ex post facto and commerce clauses of the United States Constitution "as more particularly set forth in the Defendant's accompanying memorandum in support of this motion to dismiss." See Docket No. 22. However, Lovejoy's memorandum in support of the motion to dismiss does not address any commerce clause challenges, and only mentions in passing that Congress, in delegating such authority to the Attorney General, may or may not have recognized ex post facto and due process concerns.

While Lovejoy did not address ex post facto considerations in the motion to dismiss, every court that has addressed an ex post facto challenge under similar factual circumstances has rejected the challenge. United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007); United States v. Madera, 474 F. Supp. 2d 1257 (M.D. Fla. 2007); United States v. Kelton, No. 5:07-cr-030-Oc-

10GRJ, 2007 WL 2572204 (M.D. Fla. Sept. 5, 2007); United States v. Hulen, No. 07-30004, 2007 WL 2343884 (W.D. Ark. Aug. 15, 2007); United States v. Sawn, No. 6:07-cr-020, 2007 WL 2344980 (W.D. Va. Aug. 15, 2007); United States v. Gonzales, No. 5:07-cf-27-RJ, 2007 WL 2298004 (N.D. Fla. Aug. 9, 2007); United States v. Mason, No. 6:07-cr-52-Orl-19JGG,, 2007 WL 1521515 (M.D. Fla. May 22, 2007); United States v. Templeton, No. 06-291, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007). See also Smith v. Doe, 538 U.S. 84 (2003) (rejecting ex post facto challenge to Alaska sex offender registry law which applied retroactively).

The only two cases in which an indictment was dismissed based on an ex post facto challenge of SORNA had unique factual circumstances in which the defendant was charged with activities that took place during the gap between SORNA's July 27, 2006 enactment and the enactment of the Attorney General's interim rule on February 28, 2007. United States v. Kapp, 487 F. Supp. 2d 536 (M.D. Pa. 2007); United States v. Muzio, No. 4:07-cr-179 CDP, 2007 WL 2159462 (E.D. Mo. July 26, 2007). Lovejoy's case is distinguishable in that the Government expects the evidence to show that Lovejoy failed to register as required in March 2007, through June of 2007 -- after the Attorney General's interim rule was adopted.

Finally, Lovejoy's contention that SORNA violates the commerce clause has also been considered and rejected by numerous courts. United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007); United States v. Madera, 474 F. Supp. 2d 1257 (M.D. Fla. 2007); United States v. Kelton, No. 5:07-cr-030-Oc-10GRJ, 2007 WL 2572204 (M.D. Fla. Sept. 5, 2007); United States v. Sawn, No. 6:07-cr-020, 2007 WL 2344980 (W.D. Va. Aug. 15, 2007); United States v. Gonzales, No. 5:07-cf-27-RJ, 2007 WL 2298004 (N.D. Fla. Aug. 9, 2007);United States v. Muzio, No. 4:07-cr-179 CDP, 2007 WL 2159462 (E.D. Mo. July 26, 2007); United States v. Mason, No. 6:07-cr-52-Orl-

19JGG, 2007 WL 1521515 (M.D. Fla. May 22, 2007); United States v. Templeton, No. 06-291, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007). Lovejoy has not disclosed, and the Court has not located, any decision in which a federal court has found SORNA unconstitutional as violative of the commerce clause.

### III.   CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Docket No. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2007.

>  */s/ Daniel L. Hovland*
>  Daniel L. Hovland, Chief Judge
>  United States District Court